**Daniel P. Larsen**, OSB No. 943645
Email: dlarsen@buchalter.com
BUCHALTER, A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Tel.: (503) 226-1191

**Alyssa A. Sussman** (*pro hac vice*)
Email: asussman@goodwinlaw.com
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800

*Attorneys for Defendant Select Portfolio Servicing, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DONALD JOHNSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>      Defendant. | Case No. 3:24-cv-01583-AR<br><br>**DEFENDANT SELECT PORTFOLIO SERVICING INC.'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT; MEMORANDUM IN SUPPORT**<br><br>**ORAL ARGUMENT REQUESTED** |

Page i

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

## **MOTION**

In compliance with Local Rule 7-1, Counsel for Defendant Select Portfolio Servicing, Inc. ("SPS") certifies that they conferred in good faith with counsel for Plaintiff regarding the subject matter of this Motion and were unable to reach a resolution.

SPS respectfully requests that the Court stay all proceedings in this matter pending the resolution of the substantially related and first-filed case *Mirabadi v. Select Portfolio Servicing, Inc.*, Case No. 24-1487 (9th Cir.), *appealed from* Case No. 23-cv-6809-PSG-SP (C.D. Cal.), which is pending before the Ninth Circuit. In support of this Motion, SPS relies upon the following Memorandum in Support of this Motion ("Memorandum"), and other case filings and documents that are referenced in the Memorandum.

Page 1   DEFENDANT'S MOTION TO STAY PENDING OUTCOME
OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This case presents issues that are nearly identical to the issues in a case filed against Defendant Select Portfolio Servicing, Inc. ("SPS") prior to this one, that is currently on appeal in the Ninth Circuit. *See Mirabadi v. Select Portfolio Servicing, Inc.* ("*Mirabadi*"), Case No. 24-1487 (9th Cir.), *appealed from* Case No. 23-cv-6809-PSG-SP (C.D. Cal.). The Court should stay this case pending the outcome of *Mirabadi*, which will decide dispositive issues in this case.

In this putative class action, Plaintiff Donald Johnson ("Plaintiff" or "Johnson") alleges that SPS, his mortgage servicer, should not have charged a small convenience fee—the "EZ Pay" fee—after he requested that SPS accept his mortgage payments over the phone or online, instead of by mail, for free, as agreed in his mortgage contract. Johnson alleges that the EZ Pay fee was not authorized in his deed of trust and therefore the fees violated the Oregon Fair Debt Collection Practices Act, O.R.S. §§ 646.639, *et seq.* ("OFDCPA"), and the Oregon Unfair Trade Practices Act, O.R.S. § 646.608 ("OUTPA").

The premise of Plaintiff's case—that SPS should not have charged him an EZ Pay fee for accepting his mortgage payments over the phone and online—is identical to the premise in *Mirabadi*. Like Johnson, Mirabadi alleged that the EZ Pay fees were improper because they were not authorized by the mortgage agreements and therefore constituted violations of state consumer protection and debt collection statutes.[1] The applicable language in Mirabadi's Deed of Trust and Johnson's Deed of Trust—which forms the basis for their claims—is the same. Specifically, the

---

[1] Mirabadi asserts claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 1700, *et seq.* ("UCL"), the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act"), the California Consumer Legal Remedies Act, Cal. Civ. Code. §§ 1750, *et seq.* ("CLRA").

Page 2    DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191

EZ Pay fees are authorized under the identical "Loan Charges" and "Governing Law" provisions in Johnson's and Mirabadi's deeds of trust. The statutes at issue in each case, too, are substantially similar, prohibiting unfair and deceptive conduct and certain "debt collection" practices by "debt collectors." In addition, SPS refunded the EZ Pay fees charged to both Johnson and Mirabadi (and ensured they will not be charged future fees).

The *Mirabadi* case is the first time the Ninth Circuit will address the issue of convenience fees, like the EZ Pay fees, charged by mortgage servicers for accepting mortgage payments by phone and online. Judge Gutierrez of the Central District of California dismissed the *Mirabadi* complaint in its entirety, with prejudice, for failure to state a claim and for lack of statutory standing and damages due to the fee refund. Specifically, Judge Gutierrez held that Mirabadi failed to state any statutory claim on the merits because "the terms in [Mirabadi's] deed of trust unambiguously allow convenience fees," and that Mirabadi failed to adequately plead statutory standing and damages "given that she got her money back." These are the same issues that are likely to be dispositive in this case.

This case should be stayed pending the result in *Mirabadi* for (at least) two independent reasons, each of which alone is sufficient to warrant a stay. First, this case should be stayed under the principle that pending cases considering dispositive issues should be resolved prior to proceeding on similar claims. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Given that the Ninth Circuit has not addressed the permissibility of fees like the EZ Pay fees, it is in the interest of the parties and the Court to have the benefit of the rulings in *Mirabadi* when briefing and ruling on the same subject matter and legal issues here. Second, this case should be stayed consistent with the strong preference applied by courts in this Circuit for permitting an earlier-filed

Page 3    DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

case to take precedence over a later-filed, substantially similar case (the "First-to-File" rule). *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).[2]

## BACKGROUND

### A.  The *Mirabadi* Case

On July 17, 2023, Mirabadi filed a complaint in the Superior Court of California for the County of Los Angeles.  Complaint, *Mirabadi v. Select Portfolio Servicing, Inc.*, Case No. 23STCV16609 (Cal. Super. Ct. Jul. 17, 2023).  On August 18, 2023, SPS timely removed the case to the United States District Court for the Central District of California.  *Mirabadi v. Select Portfolio Servicing, Inc.*, Case No. 23-cv-6809-PSG-SP (C.D. Cal. Aug. 18, 2023) (the "*Mirabadi* Case"), ECF No. 1.

Mirabadi alleged that she made some of her monthly mortgage payments online or by phone through SPS' EZ Pay process, and that she was charged EZ Pay fees when she did so. Complaint, *Mirabadi* Case, ECF No. 1-1 ("*Mirabadi* Complaint"), ¶¶ 9, 22.  She contends that the EZ Pay fees were not authorized by her Deed of Trust.  *Id.* ¶ 23.  Based on these allegations, Mirabadi asserted claims for violations of the Rosenthal Act, UCL, CLRA, and breach of contract. SPS refunded the EZ Pay fees charged to Mirabadi and stopped charging her EZ Pay fees.

SPS moved to dismiss Mirabadi's claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the claims failed on the merits because the EZ Pay fees are authorized under the deed of trust and by a federal consent order that SPS entered with the Federal Trade Commission ("FTC Order") and that Mirabadi did not have statutory standing or damages to support her claims.  On February 13, 2024, Judge Gutierrez granted SPS' motion and dismissed all of Mirabadi's claims with

---

[2] SPS files this Motion without prejudice to, and expressly reserving, its right to file a motion pursuant to Fed. R. Civ. P. 12, including after the dispositive legal issues in *Mirabadi* are resolved.

Page 4   DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191

prejudice. *See Mirabadi v. Select Portfolio Servicing*, *Inc*., 2024 WL 1151673 (C.D. Cal. Feb. 13, 2024).

In its ruling on SPS' motion to dismiss, the court held that Mirabadi failed to state a claim on the merits because:

- "The plain terms of the 'Loan Charges' [section of Mirabadi's Deed of Trust] expressly allow for fees like the EZ Pay fee, as nowhere does the agreement forbid such fees. And the agreement provides that if there is no express prohibition, then there is no prohibition at all." *Id.* at *5.

- "[Mirabadi]'s decision to use the EZ Pay service constitutes a [permissible] subsequent agreement" to pay the EZ Pay fees. . . . And the 'Governing Law' provision of [Mirabadi's] deed of trust [] accords with this." *Id.*

- "[T]he terms of [Mirabadi]'s deed of trust [do not] forbid[] her from entering into a subsequent contract to pay her due mortgage balance using a more convenient service, like EZ Pay. [Mirabadi] does not deny that she had free, alternative methods of payment available to her. Thus, each decision to use EZ Pay created a new, valid contract." *Id.*

- "[Mirabadi]'s deed of trust allows the [EZ Pay] fees, [and the EZ Pay fees] are permissible [] as a matter of law." *Id.* at *7.

Further, as to statutory standing and damages, the court held:

- "[Mirabadi] has not offered any plausible allegations of any appreciable or actual damage given that she got her money back." *Id.* at *3.

- "[Mirabadi] lacks standing for her CLRA claim" because she cannot meet the statute's "require[d] showing of damages." *Id.* at *4.

- "[Mirabadi] has not suffered a loss capable of restitution since she was repaid." *Id.*

- "[SPS] has already ensured that [Mirabadi] will not be charged future [EZ Pay] fees when she pays her mortgage, so there is no injunctive relief the Court could order." *Id.*

On March 13, 2024, Mirabadi appealed to the Ninth Circuit the district court's decision dismissing the case. Notice of Appeal, *Mirabadi* Case, ECF No. 34. Briefing in the *Mirabadi* Appeal was completed on July 12, 2024. *See Mirabadi v. Select Portfolio Servicing*, *Inc.,* Case No. 24-1487 (9th Cir.) ("*Mirabadi* Appeal"), ECF No. 24 (July 12, 2024). On September 24,

Page 5   DEFENDANT'S MOTION TO STAY PENDING OUTCOME
OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191

2024, the Ninth Circuit informed the parties that it was considering the case for oral argument in February 2025  *See id.*, ECF. No. 27 (Sept. 24, 2024).

### B. The *Johnson* Case

On August 9, 2024, Johnson filed this case in the Circuit Court of Oregon for the County of Washington.  Complaint, *Johnson v. Select Portfolio Servicing, Inc.*, Case No. 24CV38382 (Aug. 9, 2024).  On September 18, 2024, SPS timely removed to this Court.  Notice of Removal, ECF No. 1.

Johnson alleges that he made some of his mortgage payments online or by phone through SPS' EZ Pay process, and he was charged EZ Pay fees when he did so.  *See* ECF No. 1-1 ("*Johnson* Complaint"), ¶¶ 2, 7, 10, 63.  Johnson alleges that the EZ Pay fees are improper because his deed of trust does not authorize them.  *Id.* ¶ 64; *see also id.* ¶¶ 6, 30, 31, 44, 59, 81(c), 82, 91.  Based on these allegations, Johnson alleges that the EZ Pay fees violated the OFDCPA and OUTPA.

SPS refunded Johnson's EZ Pay fees, stopped charging him EZ Pay fees, and ensured that no EZ Pay fees will be charged to him in the future.  *See* Answer (ECF No. 11), ¶¶ 7, 10, 63.

### C. The Johnson and Mirabadi Deeds of Trust

The applicable provisions in Johnson's Deed of Trust (Answer, Exhibit 1, "Johnson DOT")[3] are identical to those in Mirabadi's Deed of Trust (*Mirabadi* Case, ECF No. 22-3, "Mirabadi DOT").

Regarding the charging of fees, the Johnson DOT and the Mirabadi DOT state, in identical language in Paragraph 14, entitled "Loan Charges":

---

[3] While Johnson attached a "Line of Credit Trust Deed" to his Complaint, that document of course is not applicable to his claims in this lawsuit, which concerns the deed of trust for his property securing the mortgage loan that SPS services and for which he makes payments to SPS.  SPS attached to its Answer as Exhibit 1 the deed of trust applicable to Johnson's claims in this lawsuit.

Page 6 — DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191

> Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. <u>In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee</u>. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

Mirabadi DOT ¶ 14; Johnson DOT ¶ 14 (emphasis added).

In addition, the "Governing Law" section, Paragraph 16, of the Johnson DOT and the Mirabadi DOT identically state:

> Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract.

Mirabadi DOT ¶ 16; Johnson DOT ¶ 16.

## **ARGUMENT**

### I.    THE COURT SHOULD STAY THIS CASE PENDING THE RESOLUTION OF DISPOSITIVE ISSUES IN *MIRABADI*.

A stay of this case is warranted pending the outcome of *Mirabadi* due to the substantial similarity between the factual and legal issues in the two cases. "The power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Taxer v. Progressive Universal Ins. Co.*, 2024 WL 3706411, at *2 (D. Or. July 22, 2024) (Hernandez, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a stay pending related proceedings, a court should consider (1) "the possible damage which may result from granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

Page 7    DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

Each of these factors favors granting a stay here.

### A.     Johnson Will Not Be Prejudiced By a Stay.

Johnson will not be prejudiced by a stay because the *Mirabadi* case is already at the oral argument stage on appeal and Johnson is not seeking urgent relief. "Factors the court considers include whether 'the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims.'" *Taxer*, 2024 WL 3706411, at *2 (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). There are dispositive issues in the instant case that the district court in *Mirabadi* already has decided and that will soon be addressed by the Ninth Circuit, with oral argument early next year. *See Mirabadi* Appeal, ECF No. 27.

Minimal delay is "[t]he only possible harm to [Johnson]," and that is insufficient to overcome the need for a stay here. *Taxer*, 2024 WL 3706411, at *3. Johnson's requests for injunctive relief and monetary damages "in an amount to be determined at trial" would not be significantly impacted by a stay pending the result in *Mirabadi*. With respect to injunctive relief, as noted, SPS has already stopped charging EZ Pay fees to Johnson and ensured that no EZ Pay fees will be charged to him in the future. *See Reynolds v. Geico Corp.*, 2017 WL 815238, at *4 (D. Or. March 1, 2017) (granting stay where "nothing suggests" future harm).

Any delay in obtaining monetary recovery (which is unwarranted in any event as Johnson's fees were refunded) also cannot overcome the need for a stay. "A delay in recovering monetary damages" "while awaiting adjudication of issues directly relevant to [Johnson's] case and that are already being adjudicated in [*Mirabadi*] . . . is not sufficient harm to warrant denying a stay." *Schumann v. Amazon.com Inc.*, 2021 WL 5069178, at *3 (D. Or. July 19, 2021) (citing *Reynolds*, 2017 WL 815238, at *2); *Taxer*, 2024 WL 3706411, at *3 (similar); *see also Bangor Hydro Elec. Co. v. Bridgewell Res., LLC*, 2011 WL 13250919, at *2-3 (D. Or. July 20, 2011) (granting stay where only potential harm to plaintiff was delay in obtaining damages "already incurred"); *see*

Page 8   DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

*also CMAX, Inc.*, 300 F.2d at 269 (affirming decision to stay where delay in recovering any "money damages" "would be the extent of [plaintiff's] damage").

The potential length of this requested stay also is not prejudicial. This is not a situation where witnesses' memories would fade or evidence would be lost due to a lengthy stay. SPS' witnesses are engaged in the *Mirabadi* case (among other similar cases) and SPS' policies and procedures and other applicable documents are similar across the lawsuits. *See Trees v. Serv. Emp. Int'l Union Loc. 503*, 574 F. Supp. 3d 856, 869 (D. Or. 2021) (rejecting loss of evidence argument where defendant's witnesses were participating in related proceeding). The evidence bearing on the issues in this case is largely documentary (*e.g.*, mortgage contracts, monthly statements, payment history, policies and procedures, and publicly-available materials) that are "not likely susceptible to any loss" during a stay. *Reynolds*, 2017 WL 815238, at *4. SPS will of course abide by its obligations as to preservation, so there should be no concern as to the unavailability of evidence if the case is stayed.

### B.   SPS Will Face Inequity Absent a Stay.

"[S]ubjecting a litigant to the hardship and inequity of unnecessary and duplicative litigation favors a stay." *Trees*, 574 F. Supp. 3d at 869 (quoting *Schumann*, 2021 WL 5069178, at *3). It would be inequitable to force SPS to litigate this case while issues concerning the same business practice by SPS, the same mortgage agreements, and the same legal theories are pending in *Mirabadi*. In the absence of a stay, SPS will have to expend significant "additional time and money" litigating two substantially similar cases. *Bangor Hydro*, 2011 WL 13250919, at *3 (granting stay to avoid "subjecting [defendant] to the hardship and inequity of having to unnecessarily litigate" multiple cases concerning the same issues).

The motion to dismiss decision in *Mirabadi* addressed the issues present in this case concerning the permissibility of the fees based on identical contractual language and statutory

Page 9   DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

standing and damages in light of the fee refund. In addition, the question before the Ninth Circuit in *Mirabadi* applies directly to SPS' theory in this case that the refund of Johnson's EZ Pay fees deprives him of standing to bring his consumer protection and debt collection claims.

A favorable result for SPS on appeal could functionally "modify or remove from this action" one or both of Johnson's claims. *Reynolds*, 2017 WL 815238, at *5. For example, if the Ninth Circuit affirms the district court's decision that Mirabadi lacked statutory standing because her fees were refunded, Johnson's statutory standing to bring his claims under the OFDCPA and OUTPA, too, would be suspect in light of his refund. The Ninth Circuit may also affirm on independent grounds, including Judge Gutierrez's interpretation of the Mirabadi DOT. The Ninth Circuit's interpretation of the applicable language in the Mirabadi DOT, which is identical to the language in the Johnson DOT, bears directly on the central issue underlying Johnson's claims in this case: that the EZ Pay fees violate the statutes because they are not authorized by the deed of trust. "[T]he burden of proceeding with this litigation potentially unnecessarily" favors granting a stay here. *Reynolds*, 2017 WL 815238, at *5; *see also Schumann*, 2021 WL 5069178, at *3 (granting stay where "dispositive motions practice" in related case "may curtail a need for discovery").

Even aside from the time and expense SPS would incur in litigating this matter potentially unnecessarily, absent a stay SPS would be faced with strategic decisions in this case without the benefit of legal certainty. As noted, the Ninth Circuit, or further proceedings in *Mirabadi*, will address the district court's rulings that (1) the fee refund deprived Mirabadi of statutory standing and damages to support her claims and/or (2) the fees are permitted under the language in the deed of trust. As shown, a Ninth Circuit ruling in SPS' favor on one or both of these issues will likely resolve this case, too. The Ninth Circuit's decision, therefore, will inform SPS' strategy in this

Page 10   DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

case, including whether SPS will pursue the same or different legal theories. Any subsequent proceedings in *Mirabadi,* too*,* will inform SPS' strategy in this case.

The substantial inequity to SPS in litigating duplicative matters without certainty in Circuit law favors a stay.

### C.    The Orderly Course of Justice Will Be Furthered By a Stay.

The interests of judicial economy and the orderly course of justice will be furthered by a stay. "[T]he orderly course of justice [factor] is 'measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from the stay.'" *Trees*, 574 F. Supp. 3d at 869 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Even if the Ninth Circuit's decision hypothetically did not involve dispositive issues (it does), the test for a stay "does not require that the issues in [related] proceedings are necessarily controlling." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

For the reasons in Section I.B above, the claims in this case will be "simplified, if not eliminated" by the appellate and district court rulings in *Mirabadi*. *Cohen v. Carreon*, 94 F. Supp. 2d 1112, 1117 (D. Or. 2000) (granting stay in furtherance of "efficiency and fairness concerns" based on related case's potential to "narrow" claims in instant case); *accord Taxer*, 2024 WL 3706411, at *2 (granting stay where "circuit court's review of [] decision [in related case] is likely to be helpful in this case"). Even if *Mirabadi* does not resolve *every* issue that this Court may face, a stay still is warranted because awaiting the outcome of *Mirabadi* will simplify the issues for the Court and the parties. In addition to the reasons noted above, a stay likely would "lead to reduced discovery" that would "reduce the financial hardship" on the parties (*Williams v. Nationstar Mortgage, LLC*, 2016 WL 6905382, at *2 (D. Or. Nov. 23, 2016)) and would "avoid[] the risk of rendering inconsistent verdicts stemming from the concurrent [Mirabadi] litigation" (*Bangor Hydro*, 2011 WL 13250919, at *4). A stay pending the outcome of *Mirabadi* "will almost certainly

Page 11    DEFENDANT'S MOTION TO STAY PENDING OUTCOME
OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191

significantly aid this Court's decision-making" and, accordingly, will further the orderly course of justice. *Reynolds*, 2017 WL 815238, at *5.

## II. THE FIRST-TO-FILE RULE COUNSELS IN FAVOR OF STAYING THIS CASE PENDING THE OUTCOME OF *MIRABADI*.

The First-to-File rule, too, supports a stay of this case pending resolution of *Mirabadi*. To promote "the interests of comity, efficiency, and judicial economy," the First-to-File rule gives district courts discretion to stay (or dismiss or transfer) "the more recently filed of two substantially similar actions pending in different courts." *Herer v. Ah Ha Publ'n., LLC*, 927 F. Supp. 2d 1080, 1088 (D. Or. 2013). "The [F]irst-to-[F]ile rule was developed to 'serve the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade,* 946 F.2d at 625 (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)).

Caselaw suggests that a court should consider three factors to determine whether to apply the First-to-File rule to manage a later-filed action: "(1) chronology of the two actions, (2) similarity of the parties, and (3) similarity of the issues." *Kelley v. Kaiser Permanente*, 2014 WL 2336083, at *3 (D. Or. May 29, 2014). "Courts often apply the [F]irst-to-[F]ile rule where, as here, the first-filed case has been dismissed and is pending an appeal and the appeal may resolve the very questions raised in the later filed case." *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1019, 1021 (N.D. Cal. 2020) (citing *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, 2008 WL 4279704, at *3 (N.D. Cal. Sept. 16, 2008)) (staying case pending "appeal and [] resolution on remand" of related case).

The circumstances here satisfy all three of the factors courts consider when deciding whether the First-to-File rule applies. Each factor is addressed below.

Page 12    DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191

### A. *Mirabadi* Was Filed First.

There is no question that *Mirabadi* was filed before this case. *Mirabadi* was filed in the Superior Court of California for Los Angeles County on July 17, 2023, and removed to the United States District Court for the Central District of California on August 18, 2023. *See Mirabadi* Complaint. Johnson filed this case in the Circuit Court of the State of Oregon for Washington County on August 9, 2024, and SPS removed the case to this Court on September 18, 2024. *See Johnson* Complaint. Accordingly, the chronology factor is met. *See Kelley*, 2014 WL 2336083, at *3; *Alltrade*, 946 F.2d at 625.

### B. The Parties Are Substantially Similar.

The second factor (similarity of the parties) is satisfied. Courts in this Circuit do not require exact identity of the parties (though, as noted, both cases here involve an identical defendant, SPS). *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) ("the [F]irst-to-[F]ile rule requires only substantial similarity of parties"); *see also Herer*, 927 F. Supp. 2d at 1089 ("if parties were required to be identical, then the rule and its benefits could be easily avoided simply by adding a party or a claim to the later-filed action"). Instead, courts in this Circuit routinely find similarity of the parties where the class in the first-filed case "encompass[es] at least some of the same individuals" as the class in the later-filed case. *Schumann*, 2021 WL 5069178, at *2. That is met here, as the classes in both cases are broadly defined based on borrower address, and do not "exempt individuals" with addresses in different states. *See Kelley*, 2014 WL 2336083, at *4. The proposed classes in both this case and in *Mirabadi* are comprised of (1) "all persons" (2) "with a California address" (*Mirabadi*) and/or "with an Oregon address" (*Johnson*), (3) "who were borrowers on residential mortgage loans to which SPS acquired servicing rights and paid a fee to SPS for making a loan payment by telephone [] or the internet during the applicable statutes of limitations." *Mirabadi* Complaint ¶ 30; *Johnson* Complaint ¶ 75.

Page 13   DEFENDANT'S MOTION TO STAY PENDING OUTCOME
OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

The putative class in *Mirabadi* includes members of the putative class in this action. SPS services mortgage loans nationwide. Accordingly, people who were charged EZ Pay fees and who had properties in both California and Oregon during the overlapping class periods[4] are members of the putative classes in both cases. People with a property address in California and a mailing address in Oregon, and vice versa, also are members of the putative classes in both cases. Where, as here, the proposed *Mirabadi* class "includes at least some portion of the members of the proposed class in this action" the parties are "sufficiently similar to invoke the [F]irst-to-[F]ile rule." *Kelley*, 2014 WL 2336083, at *3-4.

### C. The Issues Are Substantially Similar.

The third factor (similarity of the issues) is satisfied as well. This case and *Mirabadi* involve the same factual allegations and legal issues.

In addition to the similarities addressed in Section I above, in each case, plaintiffs assert that (i) they (and the putative class members) asked SPS for permission to make one or more of their monthly mortgage payments by website or through a telephone call, rather than by mail for free as their written mortgage agreements provide; (ii) SPS offered to agree to that arrangement in exchange for a modest EZ Pay fee; and (iii) plaintiffs agreed to the fees, which they paid at the time they made their online or telephonic mortgage payments. *See Mirabadi* Complaint ¶¶ 4-9, 20-29; *Johnson* Complaint ¶¶ 2, 6-7, 10, 61-64. The Johnson DOT and the Mirabadi DOT contain identical language applicable to the issues at hand, including: (1) a "Loan Charges" provision (Section 14) stating that the absence of express authority in the mortgage contract to charge a specific fee does not amount to a prohibition on charging the fee; and (2) a "Governing Law"

---

[4] The class period applicable to Mirabadi's claims extends from July 17, 2022 to the present. The class period applicable to Johnson's claims extends from August 8, 2021 to the present.

Page 14    DEFENDANT'S MOTION TO STAY PENDING OUTCOME
OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

provision (Section 16) allowing the parties to enter into extracontractual agreements apart from the mortgage contract. *See supra* at 6-7.

The statutory consumer protection (OUTPA) claim and debt collection (OFDCPA) claim in this case mimic the statutory consumer protection (UCL and CLRA) claims and debt collection (Rosenthal Act) claim in *Mirabadi*. Both plaintiffs allege (Johnson through the OUTPA claim and Mirabadi through the UCL and CLRA claims) that SPS' charging of the EZ Pay fees is an "unfair business practice" and constituted "deceptive" conduct. *Johnson* Complaint ¶¶ 17, 95; *Mirabadi* Complaint ¶¶ 19, 60, 68. The plaintiffs in both cases also claim that the EZ Pay fees were too expensive, which somehow violated the OUTPA and OFDCPA (Johnson) and the UCL and Rosenthal Act (Mirabadi). *See Johnson* Complaint ¶¶ 15, 40, 48, 64, 91, 97; *Mirabadi* Complaint ¶¶ 7, 16, 25, 53, 59. And Johnson's OFDCPA claim and Mirabadi's Rosenthal Act claim both are premised on the allegation that SPS is a "debt collector" that "willful[ly]" engaged in improper "debt collection" by charging the EZ Pay fees. *Johnson* Complaint ¶¶ 90-92; *Mirabadi* Complaint ¶¶ 12, 49, 55.

Each case, too, alleges that the EZ Pay fees are not expressly authorized by the mortgage agreement, thereby violating the OFDCPA and OUTPA (Johnson) and the UCL, CLRA, and Rosenthal Act (Mirabadi). *E.g., Johnson* Complaint ¶ 64 ("Mr. Johnson's Deed of Trust does not expressly allow SPS to charge Pay-to-Pay Fees. SPS's collection of Pay-to-Pay Fees therefore violated the OFDCPA and the UTPA"); *Mirabadi* Complaint ¶ 5 ("[EZ Pay] fees violate the [Rosenthal Act], the UCL and the CLRA and breaches uniform covenants in mortgages by assessing fees to borrowers that are either not permitted by law or are expressly prohibited by their mortgage agreements" [sic]); *see also Johnson* Complaint ¶¶ 5, 15, 44, 81, 91; *Mirabadi* Complaint ¶¶ 5, 7, 45, 51.

Page 15   DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191

The fact that the specific statutes at issue in each case are not identical does not change that the third factor, similarity of the issues, is satisfied. There is "substantial overlap" between the two cases as the questions that *Mirabadi* will resolve are "at the heart" of the issues in this case. *Kohn Law Grp.*, 787 F.3d at 1241; *accord Herer*, 927 F. Supp. 2d at 1090 (granting stay under First-to-File rule where cases shared the same "central issue"); *IBC Mfg. Co. v. Berkshire Hathaway Specialty Ins. Co.*, 2016 WL 4522665, at *3 (D. Or. Aug. 29, 2016) (applying First-to-File rule and dismissing case where "the [first-filed] Action and the Oregon Action seek to decide the same fundamental issue" under different state laws); *Kelley*, 2014 WL 2336083, at *4-6 (granting stay under First-to-File rule where issues were "similar" despite differences in state law across cases).

## CONCLUSION

For the foregoing reasons, SPS respectfully requests that this Court stay all proceedings in this case pending the ultimate outcome of *Mirabadi*.

Page 16   DEFENDANT'S MOTION TO STAY PENDING OUTCOME OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

| | |
|---|---|
| DATED this 22nd day of October, 2024 | By: /s/ *Alyssa A. Sussman*<br>Daniel P. Larsen, OSB No. 943645<br>Email: dlarsen@buchalter.com<br>BUCHALTER, A Professional Corporation<br>805 SW Broadway, Suite 1500<br>Portland, OR 97205<br>Tel: (503) 226-1191<br><br>Alyssa A. Sussman (*pro hac vice*)<br>Email: asussman@goodwinlaw.com<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Tel.: (212) 813-8800<br><br>*Attorneys for Select Portfolio Servicing, Inc.* |

Page 17  DEFENDANT'S MOTION TO STAY PENDING OUTCOME
OF RELATED CASE PENDING IN THE NINTH CIRCUIT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205-3325
Telephone: 503.226.1191