**BAILEY GLASSER LLP**
Benjamin A. Schwartzman (OSB 02161)
950 West Bannock Street, Suite 940
Boise, ID 83702
(208) 342-4411
bschwartzman@baileyglasser.com

**TYCKO & ZAVAREEI LLP**
Katherine M. Aizpuru (*pro hac vice*)
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
(202) 973-0900
kaizpuru@tzlegal.com

[*Additional counsel on signature page*]

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DONALD JOHNSON,** on behalf of himself and all others similarly situated, | |
| *Plaintiff,* | |
| **v.** | **3:24-cv-01583-AR** |
| **SELECT PORTFOLIO SERVICING, INC.,** | |
| *Defendant.* | |

## OPPOSITION TO MOTION TO STAY

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ................................................................................................2

   A.    SPS's Illegal Pay-to-Pay Fees ..................................................................2

   B.    Procedural History of This Action..............................................................3

   C.    Procedural History of *Mirabadi v. Select Portfolio Servicing* .....................3

   D.    SPS's Pattern of Delay and Obstruction ....................................................5

III.  LEGAL STANDARD .........................................................................................6

IV.   ARGUMENT .....................................................................................................6

   A.    A stay would not serve the "orderly course of justice." ..............................7

     1.    The appeal in *Mirabadi* is irrelevant to, not dispositive of, the issues in this case. 7

     2.    The *Mirabadi* and *Johnson* matters are not substantially related or similar. ..........9

   B.    Mr. Johnson will be prejudiced by a stay....................................................10

   C.    Requiring SPS to litigate this unrelated action would not be prejudicial to SPS........11

   D.    The First-to-File Rule is Inapplicable........................................................12

V.    CONCLUSION .................................................................................................15

**TABLE OF AUTHORITIES**

**Cases**

*Alexander v. Carrington Mortg. Servs., LLC*,
    23 F.4th 370 (4th Cir. 2022) .................................................................................................3

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ...............................................................................................12

*Baxter v. AmeriHome Mortg. Co., LLC*,
    617 F. Supp. 3d 346 (D. Md. 2022) .......................................................................................3

*Bernstein v. Virgin America, Inc.*,
    2018 WL 3349183 (N.D. Cal. July 9, 2018)..............................................................8, 9, 10

*Boczek v. Pentagon Fed. Credit Union*,
    --- F. Supp. 3d. ---, 2024 WL 1288667 (N.D. W. Va. Mar. 26, 2024)...................................3

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) .....................................................................................6, 7, 11

*Consumer Cellular, Inc. v. ConsumerAffairs.com*,
    2016 WL 7238919 (D. Or. Sept. 26, 2016) .........................................................................12

*Conway v. City of Palm Desert*,
    2022 WL 19237935 (C.D. Cal. Sept. 6, 2022) ......................................................................9

*Custer v. Dovenmuehle Mortg., Inc.*,
    2024 WL 4528187 (M.D.N.C. Oct. 18, 2024)........................................................................3

*Dependable Hwy. Exp., Inc. v. Navigators Ins. Co.*,
    498 F.3d 1059 (9th Cir. 2007) ...............................................................................................7

*DeSimone v. Select Portfolio Servicing, Inc.*,
    --- F. Supp. 3d ---, 2024 WL 4188851 (E.D.N.Y. Sept. 13, 2024) .....................................3, 5

*DeSimone v. Select Portfolio Servicing, Inc.*,
    No. 20-cv-3837 (E.D.N.Y.) ................................................................................1, 5, 13, 14

*Flores v. Walmart, Inc.*,
    2020 WL 6595208 (C.D. Cal. Sept. 29, 2020) ....................................................................14

*Hardnett v. Select Portfolio Servicing, Inc.*,
    No. 24-cv-1534 (D.D.C. Aug. 21, 2024)..............................................................2, 5, 9, 12

*Hartless v. Clorox Co.*,
    2008 WL 11337595 (S.D. Cal. Nov. 6, 2008) ...............................................................8, 11

*Herer v. Ah Ha Pub., LLC*,
　　927 F. Supp. 3d 1080 (D. Or. 2013) ................................................................ 13, 15

*Hildebrand v. Lululemon USA Inc.*,
　　No. 3:23-cv-01506, ECF 15 (D. Or. Dec. 7, 2023) ........................................... 6, 11

*Holguin v. AmGuard Ins. Co.*,
　　2023 WL 9420821 (C.D. Cal. Dec. 14, 2023) ............................................ 8, 10, 11

*IBC Mfg. Co. v. Berkshire Hathaway Specialty Ins. Co.*,
　　2016 WL 4522665 (D. Or. Aug. 29, 2016) ...........................................................15

*Integon Preferred Ins. Co. v. Camacho*,
　　2018 WL 6620342 (E.D. Cal. Dec. 18, 2018) ......................................................12

*Kelley v. Kaiser Permanente*,
　　2014 WL 2336083 (D. Or. May 29, 2014) ..................................................... 13, 15

*Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
　　787 F.3d 1237, 1241 (9th Cir. 2015) ............................................................ 13, 15

*Landis v. N. Am. Co.*,
　　299 U.S. 248 (1936) .............................................................................................11

*Lockyer v. Mirant Corp.*,
　　398 F.3d 1098 (9th Cir. 2005) .......................................................................... 8, 11

*McFadden v. Nationstar Mortg. LLC*,
　　2021 WL 3284794 (D.D.C. July 30, 2021) ............................................................3

*Mirabadi v. Select Portfolio Servicing, Inc.*,
　　No. 23-cv-6809 (C.D. Cal.) ........................................................................*passim*

*Mirabadi v. Select Portfolio Servicing, Inc.*,
　　No. 24-1487 (9th Cir.) ............................................................................................1

*Nat'l Pub. Radio, Inc. v. U.S. Central Command*,
　　570 F. Supp. 3d 866 (S.D. Cal. 2021) ..................................................................14

*Nicholson v. REI Energy, LLC*,
　　370 F. Supp. 3d 1199 (D. Or. 2019) .......................................................................9

*PharmacyChecker.com LLC v. LegitScript LLC*,
　　2022 WL 17496113 (D. Or. Dec. 8, 2022) ......................................................... 6, 8

*Saxco Int'l, LLC v. Wright*,
　　2017 WL 6888567 (D. Or. Oct. 18, 2017) ...........................................................14

*Schumann v. Amazon.com Inc.*,
  2021 WL 5069178 (D. Or. July 19, 2021)............................................................13

*Univ. of Oregon v. Phillips*,
  2022 WL 2700290 (D. Or. July 12, 2022)........................................................9, 11

*Vasquez v. Libre by Nexus, Inc.*,
  2018 WL 9868570 (N.D. Cal. Nov. 20, 2018) ....................................................15

*Versa Corp. v. Ag-Bag Int'l Ltd.*,
  2001 WL 34046241 (D. Or. Sept. 14, 2001) ......................................................10

*Washington v. Select Portfolio Servicing, Inc.*,
  No. 20-cv-1711 (C.D. Cal.) ........................................................................5, 6, 10

*Williams v. Lakeview Loan Servicing LLC*,
  694 F. Supp. 3d 874 (S.D. Tex. 2023)...................................................................3

**Statutes**

28 U.S.C. § 1447 ............................................................................................ 1, 4, 7, 8

ORS § 646.608(1)(u)..............................................................................................2

ORS § 646.639(2)(n)..............................................................................................2

**Other Authorities**

C.D. Cal. L.R. 83-1.4 .............................................................................................6

D. Or. L.R. 42-2 ...................................................................................................10

## I. INTRODUCTION

Select Portfolio Servicing, Inc.'s ("SPS") pending motion ("Mot."; ECF 13) seeks a stay of this action pending resolution of the appeal in *Mirabadi v. Select Portfolio Servicing, Inc.*, No. 24-1487 (9th Cir.). But SPS's claim that the Ninth Circuit will necessarily resolve issues relevant to this case is contrary to the appellate record in *Mirabadi* itself. In fact, the issue before the *Mirabadi* court is whether 28 U.S.C. § 1447 required the district court to remand, rather than dismiss, Mirabadi's claims:

> Did the district court error [*sic*] in dismissing the case with prejudice rather than remanding the case to state court after finding Mirabadi lacked an injury, given that injury is an essential element of federal subject matter jurisdiction and 28 U.S.C. § 1447 requires district courts to remand removed cases if they lack subject matter jurisdiction?

*See* Ex. A, *Mirabadi,* Appellant's Opening Br. ("Appellant's Br."), at 4 (ECF 8.1) (9th Cir. Apr. 22, 2024), 8.1. SPS's Motion does not even cite 28 U.S.C. § 1447, the statute at issue on appeal, despite being represented on appeal by the same counsel who have appeared in this action.

Whether § 1447 requires remand rather than dismissal is not relevant to, much less "dispositive" of, the central issues in Mr. Johnson's complaint: whether the fees that SPS charges borrowers who make payments online or over the phone ("Pay-to-Pay Fees") violate the Oregon Unfair Debt Collection Practices Act (the "UDCPA") or the Oregon Unlawful Trade Practices Act (the "UTPA"). Even if the merits of the underlying *Mirabadi* decision were before the Ninth Circuit, that case involves California law, not Oregon law; California borrowers, not Oregon borrowers; and conduct that occurred in California, not Oregon. Moreover, *Mirabadi* is itself a later-filed case that—if revived upon resolution of the appeal—may well be stayed pending resolution of the merits of identical California state law claims brought on behalf of an overlapping California class in *DeSimone v. Select Portfolio Servicing, Inc.*, No. 20-cv-3837 (E.D.N.Y.).

Staying this action while the Ninth Circuit resolves an unrelated question from an unrelated case is unwarranted, prejudicial to Mr. Johnson (as well as the class of Oregon homeowners he seeks to represent), and will not promote the interests of justice. The proposed stay benefits only SPS by permitting it to delay discovery in this litigation. But SPS will not be prejudiced by litigating this case in the ordinary course. The U.S. District Court for the District of Columbia recently rejected a similar attempt by SPS to transfer or stay a state-law case based on proceedings in an unrelated matter. *See* Ex. B, Transcript of Motion Hearing at 35:2 to 39:9, *Hardnett v. Select Portfolio Servicing, Inc.*, No. 24-cv-1534 (D.D.C. Aug. 21, 2024) ("*Hardnett* Tr.") (denying motion to stay or transfer case because, among other reasons, "although the events are similar events, they are not even the same events"). This Court should do the same.

## II.    BACKGROUND

### A.    SPS's Illegal Pay-to-Pay Fees

SPS created an illegal profit center by collecting up to $15 for accepting mortgage payments over the telephone or online. Complaint (ECF 1-1) ¶¶ 2-3, 10. The Complaint alleges that SPS pays a third-party payment processor a fraction of such fees, then pockets the difference. *Id.* ¶ 3. This unfair overcharge can cost consumers up to hundreds of dollars over the life of a single loan and funnels millions of dollars into SPS's pocket. But Plaintiff's mortgage does not authorize such fees; nor do any state or federal statutes. The result is that the Oregon Unlawful Debt Collection Practices Act ("UDCPA") and Oregon Unfair Trade Practices Act ("UTPA") prohibit them. *See* ORS § 646.639(2)(n) (prohibiting "charges or fees that exceed the actual debt unless the agreement, contract or instrument that creates the debt expressly authorizes, or a law expressly allows, the interest or other charges or fees"); ORS § 646.608(1)(u). Several state and federal officials have likewise condemned Pay-to Pay Fees. Compl. ¶¶ 50-56. Numerous courts considering similar processing fees have concluded that Pay-to-Pay Fees likely violate state and

federal debt collection laws.[1] In response to these authorities and cases, many large mortgage servicers have ceased charging Pay-to-Pay Fees. *See* Compl. ¶ 47. SPS is one of the few remaining servicers still burdening borrowers with Pay-to-Pay Fees.

### B. Procedural History of This Action

On August 9, 2024, Mr. Johnson filed the pending Complaint against SPS in the Washington County Circuit Court of Oregon on behalf of a proposed class of Oregon borrowers. *See* Complaint ¶ 75. On September 18, 2024, SPS removed the case to this Court. *See* Not. of Removal (ECF 1). Mr. Johnson alleges SPS illegally charged Oregon borrowers unauthorized and excessive fees simply for making mortgage payments online and over the phone in violation of the UDCPA and UTPA. Compl. ¶¶ 91, 97. On October 9, 2024, the Court scheduled a Rule 16 conference, and ordered the parties to confer and deliver a proposed schedule to the Court prior to the conference. ECF 12. On October 22, 2024, SPS filed its pending motion seeking to stay the action. Mot., ECF 13. The Court then removed the Rule 16 conference from the calendar. ECF 15.

### C. Procedural History of *Mirabadi v. Select Portfolio Servicing*

On August 18, 2023, SPS removed a case Ms. Mirabadi had previously filed in state court to the U.S. District Court for the Central District of California. *See Mirabadi v. Select Portfolio Servicing, Inc.*, No. 23-cv-6809 (C.D. Cal.). Ms. Mirabadi alleged breach of contract and violations

---

[1] *See, e.g.*, *DeSimone v. Select Portfolio Servicing, Inc.*, --- F. Supp. 3d ---, 2024 WL 4188851 (E.D.N.Y. Sept. 13, 2024) (finding allegations about SPS's Pay-to-Pay Fees stated a claim for violations of New York consumer protection law, Maryland and California debt collection law, and the federal Fair Debt Collection Practices Act); *see also, e.g.*, *Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 377 (4th Cir. 2022); *Custer v. Dovenmuehle Mortg., Inc.*, 2024 WL 4528187 (M.D.N.C. Oct. 18, 2024); *Boczek v. Pentagon Fed. Credit Union*, --- F. Supp. 3d. ---, 2024 WL 1288667 (N.D. W. Va. Mar. 26, 2024); *Williams v. Lakeview Loan Servicing LLC*, 694 F. Supp. 3d 874, 903 (S.D. Tex. 2023); *Baxter v. AmeriHome Mortg. Co., LLC*, 617 F. Supp. 3d 346, 356 (D. Md. 2022); *McFadden v. Nationstar Mortg. LLC*, 2021 WL 3284794 (D.D.C. July 30, 2021), *report and recommendation adopted*, 2022 WL 1001253 (D.D.C. Apr. 4, 2022).

of California's Rosenthal Act, Unfair Competition Law, and Consumer Legal Remedies Act based on SPS's practice of charging California borrowers unauthorized Pay-to-Pay Fees. Mirabadi Compl. ¶¶ 45-46, 50-54, 57-59, 67-69. SPS moved to dismiss, and the court dismissed the action. *See Mirabadi*, No. 23-cv-6809 (C.D. Cal. Oct. 30, 2023), Dkts. 22, 33.

On March 13, 2024, Ms. Mirabadi appealed to the Ninth Circuit with what SPS itself called the "sole appellate argument [] that the court's decision shows it lacked subject matter jurisdiction over the entire case, and so remand rather than dismissal is required." Ex. C, Defendant-Appellee's Response Br. at 14 ("Appellee's Br."), *Mirabadi*, No. 24-1487 (9th Cir. June 21, 2024), Dkt. 21.1 The issues presented for review are, in SPS's words:

1. Whether the district court correctly declined to remand the case under 28 U.S.C. § 1447(c), because the court had subject matter jurisdiction over all of the claims.

2. Whether the district court correctly declined to remand the case under 28 U.S.C. § 1447(c), because the court had subject matter jurisdiction over at least the Rosenthal Act claim.

3. Whether the district court correctly decline to remand the case under 28 U.S.C. § 1447(c), because remand to state court would be futile.

Ex. C, Appellee's Br. at 4-5. Only the last of those issues might even arguably bear some relationship to this action. And, as Mirabadi has framed it, the Ninth Circuit is highly unlikely to address the issue under California law, much less Oregon law:

> [E]ven if the $50 refund fully compensated Mirabadi, it is not "absolutely certain" the state court would dismiss her case. Even if this presents potentially complex questions of state law, those issues are not before this Court and need not be decided here. Those are issues for the superior court. All this Court must do is reaffirm its longstanding rule that 28 U.S.C. § 1447(c) means what it says: removed cases must be remanded where the district court lacks jurisdiction.

Appellant's Br., at 22. Conversely, any issues regarding any refund SPS purportedly paid to Mr. Johnson are not even before this Court, and cannot be resolved absent discovery, which can and should progress without awaiting an unlikely Ninth Circuit ruling as to California law.

### D. SPS's Pattern of Delay and Obstruction

This is not the first time that SPS has sought to delay the orderly progression of litigation, challenging its Pay-to-Pay Fees. Its efforts should not be rewarded. SPS moved to stay *Washington v. Select Portfolio Servicing, Inc.*, No. 20-cv-1711 (C.D. Cal.), after nearly eight months of progress (including discovery), in deference to *DeSimone*, which had been filed four days before *Washington* and raised nearly identical issues, but was stalled at the pleading stage. The *Washington* court granted that motion. The parties agreed to transfer *Washington* for consolidation with *DeSimone*, on the condition that discovery in *Washington* continue without further interruption.[2] The *DeSimone* court consolidated the cases. *See* Order, *DeSimone*, No. 20-cv-3837 (E.D.N.Y. Feb. 14, 2022), Dkt. 60. But SPS refused to continue discovery.[3] The case stalled until recently, when discovery finally opened following the court's denial of SPS's Rule 12 motion. *Id. DeSimone v. Select Portfolio Servicing, Inc.*, --- F. Supp. 3d ---, 2024 WL 4188851 (E.D.N.Y. Sept. 13, 2024).

The plaintiff in *Hardnett v. Select Portfolio Servicing, Inc.*, No. 24-cv-1534 (D.D.C.)., raised only claims under District of Columbia law, on behalf of a class of District of Columbia residents. SPS nevertheless sought to stay or transfer *Hardnett* in deference to *DeSimone*, which had been stalled at the pleading stage for over two years. The *Hardnett* court denied the motion, holding that no "convenience" or "efficiency" "would be served" by a transfer or a stay (*see* Ex. B, *Hardnett* Tr. at 37:2-6), in part because the two cases didn't "even involve the same events" (even though they involved "the same policy") and addressed "different transactions, different fees," and "different parties." *Id.* at 35:18-23. Conversely, SPS allowed *Mirabadi* to progress

---

[2] *See* Ex. D, Declaration of James Kauffman in Support of Plaintiffs' Opposition to Motion to Stay ("Kauffman Decl.") ¶¶ 5-8, Atts. B-D.

[3] *Id.* ¶¶ 10-11.

through its victory at the pleading stage before the same judge who had stayed the *Washington* case, without ever informing the court that it raised the same issues as *Washington*. *Cf.* C.D. Cal. L.R. 83-1.4 (requiring notice to court if a civil action "involves all or a material part of the subject matter of an action then pending before … any other federal or state court.").

## III.  LEGAL STANDARD

Federal courts have the power to stay proceedings and must exercise sound discretion when exercising it. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In deciding whether a stay is appropriate, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *PharmacyChecker.com LLC v. LegitScript LLC*, 2022 WL 17496113 (D. Or. Dec. 8, 2022) (quoting *Landis*, 299 U.S. at 255)). As this Court held in denying a motion to stay, a "party seeking to prevent discovery bears a heavy burden." Order, *Hildebrand v. Lululemon USA Inc.*, No. 3:23-cv-01506, ECF 15 (D. Or. Dec. 7, 2023) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

## IV.  ARGUMENT

SPS's arguments in support of a stay are all lacking. First, a stay would not serve the orderly course of justice because (1) the procedural issue before the court in *Mirabadi* is wholly irrelevant to the issues here, and (2) the underlying district court actions are neither substantially related nor similar; *Mirabadi* concerns California claims and a California class, while *Johnson* raises Oregon

claims on behalf of an Oregon class. Second, forcing Mr. Johnson to delay resolution of the merits of this case while the Ninth Circuit resolves an unrelated appeal is highly prejudicial. But requiring SPS to litigate the merits is not prejudicial in the least. And finally, the first-to-file rule does not apply where, as here, the plaintiffs, proposed classes, and causes of action do not overlap. This Motion was by all appearances filed only for the purpose of delay.

### A.    A stay would not serve the "orderly course of justice."

A stay would not serve the "orderly course of justice" because *Mirabadi* will not simplify the issues, proof, or questions of law in this case. *See CMAX*, 300 F.2d at 268.

### 1.    The appeal in *Mirabadi* is irrelevant to, not dispositive of, the issues in this case.

The Ninth Circuit is certain to rule on only one issue in *Mirabadi*, and that issue is not only not "dispositive" of the merits of this case, but entirely irrelevant to them. SPS invites error by asking the Court to stay this action based on its misleading description of the *Mirabadi* appeal. *See Dependable Hwy. Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) (finding the district court abused its discretion by issuing a stay without a proper basis).

The overriding issue on appeal in *Mirabadi* is whether 28 U.S.C. § 1447 requires remand rather than dismissal. *See* Ex. A, Appellant's Br. at 4; *see also* Section II.C, *supra*. Despite using the word "dispositive" no fewer than eight times in its motion, Mot. at 2, 3, 4, 7, 8, 10, 11, SPS does not identify which "dispositive" issues are on appeal in *Mirabadi*. Whether the district court should have remanded *Mirabadi* is not "dispositive" of whether Pay-to-Pay Fees violate Oregon consumer protection and debt collection statutes. SPS has not moved to dismiss this action and even if it did, the question whether to remand this action to state court is not "dispositive" of the "subject matter and legal issues" presented in Mr. Johnson's Complaint. Mot. at 3.

Courts in the Ninth Circuit do not stay cases pending appeals raising non-dispositive questions. For example, in *Hartless v. Clorox Co.*, 2008 WL 11337595, at *3-4 (S.D. Cal. Nov. 6, 2008), the court denied a stay pending an appeal of a related action because the appeal was not "guaranteed to provide substantial guidance here necessitating a stay." The court explained that, if the Ninth Circuit were to base its ruling on an issue presented only in the related case, "the proceedings in this case would have been stayed for no reason." *Id.* at *3. *See also, e.g.*, *Holguin v. AmGuard Ins. Co.*, 2023 WL 9420821, at *5 (C.D. Cal. Dec. 14, 2023) (denying stay pending appeal because "any overlap is minimal and[] the issues in this action can be decided based on facts that are not relevant to the appeal"); *Bernstein v. Virgin America, Inc.*, 2018 WL 3349183, at *2 (N.D. Cal. July 9, 2018) (denying stay pending appeal because "[w]hile there [was] undeniably some overlap, the cases [were] far from identical").

SPS asserts that the *Mirabadi* case will "address the issue of convenience fees," but that is false. Whether the *Mirabadi* plaintiff's mortgage agreement allows Pay-to-Pay Fees and whether charging Pay-to-Pay Fees is a deceptive and unfair business practice are not before the Ninth Circuit. Neither are the Oregon causes of action raised in this Complaint. In fact, the merits of *Mirabadi* itself are only tangentially at issue in the appeal, in an alternative argument that SPS raised at the end of its brief: whether remand of the action to state court would have been "futile." Ex. C, Appellee's Br. at 39.

In short, a stay contributes to the orderly course of justice if it simplifies the issues, evidence, or questions of law before the court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Here, resolution of 28 U.S.C. § 1447's requirements will do none of those things. Accordingly, the interests of justice are not served by SPS's proposed stay. *See, e.g.*, *PharmacyChecker.com*, 2022 WL 17496113, at *3 (denying motion for stay where movant did not

show "certainty of narrowing the factual and legal issues"); *Nicholson v. REI Energy, LLC*, 370 F. Supp. 3d 1199, 1207 (D. Or. 2019) (denying stay where pending decision would not resolve any "question of law" bearing on the action). Rather, "[b]oth cases may proceed in their separate forums, and no judicial resources will be saved as a result of staying this matter." *Univ. of Oregon v. Phillips*, 2022 WL 2700290, at *2 (D. Or. July 12, 2022) (denying motion to stay federal court action pending resolution of defendant's labor grievance that raised separate issues).

2.    **The *Mirabadi* and *Johnson* matters are not substantially related or similar.**

To determine whether a stay will simplify or complicate the issues in a case, a court considers the degree of overlap between the cases. *Bernstein*, 2018 WL 3349183, at *2 (citing *Lockyer*, 398 F.3d at 1110); *see Conway v. City of Palm Desert*, 2022 WL 19237935, at *7 (C.D. Cal. Sept. 6, 2022) (denying motion for a stay because it would postpone proceedings on plaintiff's causes of action that are distinct from those being litigated in a different court). But while both *Mirabadi* and *Johnson* address SPS's oppressive Pay-to-Pay Fees, the similarities end there. Just as in *Hardnett*, "this case doesn't even involve the same events" and instead involves "different transactions" and "different parties." Ex. B, *Hardnett* Tr. 35:19-23.

Here, the two plaintiffs own property in different states. Each plaintiff's transactions were entirely distinct. Each plaintiff's claims are distinct. There is no meaningful overlap in their proposed class definitions. *Mirabadi* involves a class of California residents owning homes in California with California mortgages, paying fees in California, and seeking to enforce their rights under California law. *Johnson* involves a class of Oregon residents owning homes in Oregon with Oregon mortgages, paying fees in Oregon, and seeking to enforce their rights under Oregon law. SPS attempts to connect these separate classes through an improbable hypothetical, effectively conceding that the proposed classes will be certified and raising the remote possibility that one or

more borrowers will be members of both classes. Mot. at 13-14. Even if such a person exists, this would be far from the substantially related or similar class SPS posits.[4]

Instead, the plaintiff classes and claims are distinct, differentiating this case from *Washington*, in which transfer was less inappropriate because of the existence of overlapping nationwide classes, federal FDCPA claims, and breach of contract claims. Where there is minimal overlap between cases, there is no reason to stay proceedings. *See, e.g.*, *Holguin*, 2023 WL 9420821, at *5 (denying stay pending appeal because "any overlap is minimal and[] the issues in this action can be decided based on facts that are not relevant to the appeal"); *Bernstein*, 2018 WL 3349183, at *2 (denying stay pending appeal because "[w]hile there [was] undeniably some overlap, the cases [were] far from identical").

Finally, the District of Oregon Local Rules require counsel to "identify complex or related cases and to bring the matter promptly to the attention of the Court." D. Or. L.R. 42-2. The heart of SPS's argument is that *Johnson* and *Mirabadi* are related, yet SPS has failed to comply with that rule despite having removed this action to this Court over six weeks ago.

**B. Mr. Johnson will be prejudiced by a stay.**

A stay would be prejudicial because it would delay Mr. Johnson's ability to conclusively put a stop to and seek redress for ongoing harm to class members. *See Versa Corp. v. Ag-Bag Int'l Ltd.*, 2001 WL 34046241, at *5 (D. Or. Sept. 14, 2001) (denying motion to stay where, among other reasons, defendant's continued patent infringement would harm the plaintiff, and plaintiff would continue to incur damage that would not be redressed if a stay were granted). Since "the

---

[4] Should the Court entertain this argument, Plaintiff requests the opportunity to take discovery into the identities and addresses of and Pay-to-Pay Fees charged against Oregon and California borrowers.

possible damage which may result from the granting of a stay" is significant, and SPS has not

shown otherwise, it has not carried its heavy burden. *See CMAX*, 300 F.2d at 268.

SPS is still charging Pay-to-Pay Fees in Oregon, and the proposed stay could allow SPS to

continue doing so for years. Further, an indefinite stay pending resolution of *Mirabadi* could

impede Mr. Johnson's ability to prove his claims because witnesses could leave SPS or forget

events, and relevant documents could be lost or destroyed. Already, simply by filing its Motion

and obtaining vacatur of the initial scheduling conference, SPS has delayed discovery in this case.

While SPS claims it has voluntarily stopped charging Mr. Johnson Pay-to-Pay Fees, Mr. Johnson

has no way to ensure it will not resume doing so absent a court order.

### C. Requiring SPS to litigate this unrelated action would not be prejudicial to SPS.

Finally, SPS has not carried its heavy burden to "make out a clear case of hardship or

inequity in being required to go forward." *See CMAX*, 300 F.2d at 268 (quoting *Landis.*, 299 U.S.

at 255); *Hildebrand* (citing *Blankenship*). "[B]eing required to defend a suit, without more, does

not constitute a 'clear case of hardship or inequity' within the meaning of *Landis.*" *Lockyer*, 398

F.3d at 1112. *See also Phillips*, 2022 WL 2700290, at *2 (finding the allegedly "crushing upfront

costs associated with federal discovery" were insufficient to demonstrate a "clear case of hardship

or inequity"); *Holguin*, 2023 WL 9420821, at *5 (finding no prejudice to moving party from

litigating non-overlapping case pending appeal of separate action); *Hartless*, 2008 WL 11337595,

at *3 (same). Since the *Mirabadi* appeal does not raise related or overlapping issues, the appeal

presents no risk of duplicative litigation or any other hardship.

SPS claims it would be unfair to force SPS to litigate this case while "issues concerning

the same business practice by SPS, the same mortgage agreements, and the same legal theories are

pending in *Mirabadi*." But where those issues are in fact *not* before the Ninth Circuit in *Mirabadi*,

requiring SPS to litigate them is fair. The prospect that the Ninth Circuit would decide those issues *sua sponte* is so speculative that it cannot support a specific showing of heavy burden. *See Integon Preferred Ins. Co. v. Camacho*, 2018 WL 6620342, at *12 (E.D. Cal. Dec. 18, 2018) (vague and speculative assertions do not establish a clear case of hardship); *Consumer Cellular, Inc. v. ConsumerAffairs.com*, 2016 WL 7238919, at *8 (D. Or. Sept. 26, 2016) (rejecting as "remote" the assertion that "the possibility that exchange of discovery might ultimately prove to have been unnecessary"). And, even if the Ninth Circuit does *sua sponte* address the merits of *Mirabadi*, the prospect of a speculative, hypothetical ruling on the merits of Mirabadi's California causes of action still does not show prejudice because this action raises Oregon law claims based on different transactions. *See, e.g.,* Ex. B, *Hardnett* Tr. at 35:18-23 (noting that a separate case raising claims based on different Pay-to-Pay Fees assessed in another state arose from "different transactions . . . not even the same events").

### D. The First-to-File Rule is Inapplicable.

Finally, SPS baselessly asserts that the so-called first-to-file rule warrants a stay, even though this action and *Mirabadi* do not include overlapping plaintiffs, classes, nor causes of action. The court in *Hardnett* rejected a similar argument under similar circumstances. SPS has offered no reason this Court should reach a different conclusion.

The first-to-file rule "may be invoked when a complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)). The proponent of invoking the first-to-file rule must show (1) that the underlying case was, in fact, first-filed; (2) that the parties involved are the same; and (3) that the "issues in the two suits be identical." *Alltrade, Inc.*, 946 F.2d at 625. SPS has not carried its burden.

**First**, although *Mirabadi* was filed before this action, it is not the first-filed Pay-to-Pay case against SPS involving California law. That action is *DeSimone*. Yet SPS has not proposed staying this action pending resolution of *DeSimone*, in which the district court denied SPS's motion to dismiss. SPS has not even notified the *Mirabadi* court of the existing first-filed *DeSimone* action.

**Second**, the parties involved are not the same or even substantially identical. Although SPS is the defendant in both cases, the plaintiffs are not the same and neither are the proposed classes. *Mirabadi* involves a California resident seeking to represent a class of California borrowers. This action involves an Oregon resident seeking to represent a class of Oregon borrowers. These differences are substantial. *See* Section IV.B, *supra*.

SPS's cases are not to the contrary. In *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, for example, the only difference in the identity of the parties was the absence of one defendant. *See* 787 F.3d 1237, 1241 (9th Cir. 2015); *Herer v. Ah Ha Pub., LLC*, 927 F. Supp. 3d 1080, 1089 (D. Or. 2013). In *Kohn* and *Herer*, the courts articulated a concern that the first-to-file rule could be avoided by strategically naming or declining to name parties. But an Oregon resident filing a lawsuit in Oregon to raise claims under Oregon law cannot be charged with "strategically" avoiding naming California borrowers simply to evade the first-to-file rule.

*Schumann v. Amazon.com Inc.*, 2021 WL 5069178 (D. Or. July 19, 2021), and *Kelley v. Kaiser Permanente*, 2014 WL 2336083 (D. Or. May 29, 2014), support Mr. Johnson more than they do SPS. The *Schumann* and *Kelley* courts explained that, in class actions, the court should look to whether the proposed classes overlap. *See Schumann,* 2021 WL 5069178, at *2 (class of "all current and former Amazon employees" in earlier-filed action encompassed "Oregon employees" in later-filed action); *Kelley*, 2014 WL 2336083, at *4 (class of "[a]ll persons subjected to unauthorized and unconsented to HIV testing" in earlier filed case encompassed "[a]ll

persons in the State of Oregon who . . . were subjected to HIV testing . . . without first being notified"). Here, the proposed class of borrowers "with Oregon addresses" does not "encompass" the proposed class of borrowers "with California addresses" in *Mirabadi*.

In any event, the proposed class in *Johnson* does not overlap with the proposed classes in the actual first-filed case, *DeSimone*, which excludes Oregon borrowers. *See* First Amended Complaint, *DeSimone*, No. 20-cv-3837 (E.D.N.Y.), Dkt. 87 (expressly excluding Oregon borrowers from the proposed classes). Thus, the identity of the parties does not support applying the first-to-file rule.

***Third***, and most importantly, the issues in the two suits are not "identical" or even similar. As described in Section IV.A, the issue to be resolved in the Ninth Circuit is a procedural question that is not identical to any of the issues raised in Mr. Johnson's complaint. And even if Mirabadi prevails and her case is remanded, the remaining merits issues are not "identical" to the issues pending in Mr. Johnson's action. The two cases raise distinct causes of action arising from different transactions: different fees assessed upon different borrowers who reside and own property in different states. These differences are significant enough to preclude application of the first-to-file rule. *See Saxco Int'l, LLC v. Wright*, 2017 WL 6888567, at *3-4 (D. Or. Oct. 18, 2017) (first-to-file rule did not apply because later-filed action raised unrelated claims); *Flores v. Walmart, Inc.*, 2020 WL 6595208, at *1 (C.D. Cal. Sept. 29, 2020) (cases were not substantially similar although both "raise[d] wage and hour claims at the same facility" because the causes of action were separate); *Nat'l Pub. Radio, Inc. v. U.S. Central Command*, 570 F. Supp. 3d 866, 871 (S.D. Cal. 2021) (first-to-file rule did not apply where later-filed case involved different transactions in the form of different FOIA requests).

SPS's cases are distinguishable. In *Kohn*, the "central issue" to be resolved was whether a particular party was entitled to recover particular funds arising from the same transaction at issue in both cases. *See* 787 F.3d at 1241. In *Herer*, the two cases involved copyright disputes over the exact same creative work. *See* 927 F. Supp. 2d at 1089-90. Each suit "independently contemplate[d] a complete resolution of the issues between the parties," such that it would be inefficient for both to proceed. *See id.* at 1091.[5] Here, whether the *Mirabadi* court determines that Pay-to-Pay Fees do or do not violate California law will not "completely resolve" whether Pay-to-Pay Fees violate Oregon law. Cases from other states might be persuasive but they will not be binding on this Court. Even a *sua sponte* Ninth Circuit ruling on the merits of *Mirabadi* would not "completely resolve" Mr. Johnson's claims. The first-to-file rule does not apply and does not warrant a stay.

## V. CONCLUSION

The public maintains "an interest in private parties being permitted to expeditiously investigate and pursue claims of fraud and unfair business practices." *Vasquez v. Libre by Nexus, Inc.*, 2018 WL 9868570, at *3 (N.D. Cal. Nov. 20, 2018). That interest does not dissipate because SPS is facing an appeal in an unrelated action that is virtually certain to resolve nothing in this case. To avoid further obstruction and delay, Plaintiff requests that the Court deny SPS's motion and reset the scheduling conference it properly scheduled.

---

[5] *See also, e.g.*, *IBC Mfg. Co. v. Berkshire Hathaway Specialty Ins. Co.*, 2016 WL 4522665, at *3 (D. Or. Aug. 29, 2016) (similarity of actions was undisputed and both actions decided what coverage was available in relation to identical underlying transactions); *Kelley*, 2014 WL 2336083, at *4-5 (issues were sufficiently similar in both actions because the classes overlapped).

Dated: November 5, 2024                    Respectfully submitted,


_____/s/ Bart D. Cohen_____
**BAILEY GLASSER LLP**
Bart D. Cohen (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
(215) 274-9420
bcohen@baileyglasser.com

Benjamin A. Schwartzman (OSB 02161)
950 West Bannock Street, Suite 940
Boise, ID 83702
(208) 342-4411
bschwartzman@baileyglasser.com

James L. Kauffman (*pro hac vice* forthcoming)
1055 Thomas Jefferson St., NW, Suite 540
Washington, D.C. 20007
(202) 463-2101
jkauffman@baileyglasser.com

**TYCKO & ZAVAREEI LLP**
Katherine M. Aizpuru (*pro hac vice*)
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
(202) 973-0900
kaizpuru@tzlegal.com

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF system, which will send notification of such filing by notice via email to the ECF participants of record and a true copy of the foregoing document.

DATED this 5th day of November 2024.

_____ */s/ Bart D. Cohen* _____
Bart D. Cohen